Charles Nesbitt, Atty. Gen., State of Oklahoma, for respondent.

**Joseph M. CHARLES, Petitioner,**

**v.**

**STATE of Oklahoma and District Court of Muskogee County, Respondents.**

**No. A–14139.**

Court of Criminal Appeals of Oklahoma.

Jan. 11, 1967.

Joseph M. Charles, petitioner, pro se.

Charles Nesbitt, Atty. Gen., for respondents.

BUSSEY, Judge:

This is an original proceeding in which Joseph M. Charles, seeks his release from confinement in the State Penitentiary at McAlester, where he is currently incarcerated under authority, and by virtue of a judgment and sentence rendered against him in the District Court of Muskogee County, Oklahoma.

From the allegations of petitioner's application for habeas corpus, it appears that he was charged, tried and convicted for the offense of Armed Robbery in Muskogee County, Oklahoma, and sentenced to five years imprisonment in the State Penitentiary, and that no appeal was ever perfected to this Court within the time provided by law. It does not appear that the petitioner ever gave notice of intent to appeal in writing, or requested a casemade, nor does it appear that he requested the appointment of counsel to represent him in perfecting an appeal, or that he requested a casemade at public expense.

The sole contention which petitioner urges is that his court-appointed counsel was forced to trial without having adequate time to prepare for trial. Petitioner alleges that upon being advised of the death of the attorney of his own choice, the trial court appointed an attorney to represent him and declined to grant a continuance. Petitioner does not state whether written application for continuance was filed, or what length of time transpired between the time counsel was appointed and the time the trial commenced. Moreover, we observe that the granting or denial of a continuance is vested in the sound discretion of the trial court and is reviewable only on appeal. We have repeatedly held that:

"Habeas corpus is not a substitute for appeal, and where it appears that the trial court had jurisdiction over the person, subject matter and authority under law to pronounce sentence imposed, the writ of habeas corpus will be denied."

Wynn v. Page, Okl.Cr., 401 P.2d 534.

In the instant case it appears that the trial court had jurisdiction over the person, subject matter and the authority under law to pronounce the judgment and sentence imposed. The writ prayed for is accordingly denied.

NIX, P. J., and BRETT, J., concur.